# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| QUINNELL AVERY JOHNSON., <br><br> Plaintiff, <br><br> v. <br><br> JOHN DOE #1, *et al.,* <br><br> Defendants. | Case No. 1:22-cv-01026-JLT-BAM (PC) <br><br> ORDER FINDING PLAINTIFF MAY PROCEED ON COGNIZABLE CLAIMS <br><br> (ECF No. 1) <br><br> **THIRTY (30) DAY DEADLINE** |

Plaintiff Quinnell Avery Johnson ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff's complaint, filed on August 15, 2022, is before the Court for screening. (Doc. 1.)

**I.      Screening Requirement and Standard**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915A(b).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not

required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*citing Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss*, 572 F.3d at 969.

**II.     Plaintiff's Allegations**

Plaintiff is currently housed at R.J. Donovan Correctional Facility in San Diego, California. The events in the complaint are alleged to have occurred while Plaintiff was housed in California Substance Abuse and Treatment Facility ("SATF"). Plaintiff names as defendants: (1) John Doe #1, Correction Officer, E-yard, and (2) John Doe #2, Correctional Officer, E-yard. The Defendants are sued in their individual capacities.

On December 3, 2020, Plaintiff and his cellmate, Halton, were tested for Covid-19 ("Covid"). The tests came back on December 5, 2020. Plaintiff tested negative for Covid, and Plaintiff's cellmate tested positive for Covid. Cellmate Halton was called from his kitchen job and returned to Plaintiff's cell where Plaintiff was already located. When the cell door was opened by the building's control both officer, Plaintiff exited the cell and immediately asked the floor officers, Defendants John Doe #1 and John Doe #2, "to reiterate his, and Frederick Halton's respective Covid-19 results." Defendant John Doe #1 and John Doe #2 said that Plaintiff had tested negative and his cellmate had tested positive.

Plaintiff asked if he could wait in the dayroom while they moved Plaintiff's cellmate Halton to quarantine. Defendants said that Plaintiff could not wait in the dayroom. Defendants gave Plaintiff a direct order to go back into his cell with his Covid 19 positive cellmate. Plaintiff

2

had no option but to comply with the direct order because Defendants could otherwise use force against Plaintiff.  Plaintiff went back into the cell with his Covid positive cellmate.  Plaintiff was forced to wait in the cell with his Covid positive cellmate for well over three hours until cellmate Halton was moved to quarantine.

As Plaintiff sat in the cell with his Covid positive cell mate, Defendants failed to provide Plaintiff adequate personal protective equipment the entire time.  Plaintiff was not given an N95 medical grade facemask, face shield, gloves, gown or any time of sanitizer or disinfectant.  Plaintiff was only given a prison manufactured cloth face mask.

On December 10, 2020, five days after being forced into the cell with his Covid positive cellmate, Plaintiff began to develop many of the symptoms associated with Covid.  Plaintiff began to have a sore throat, fever, chills, body aches, headaches, fatigue, cough, brain fog, confusion, nausea, vomiting, shortness of breath, runny nose, etc.

On December 14, 2020, Plaintiff was again tested for Covid. And the tests came back positive on December 16, 2020.

Plaintiff alleges violation of the Eighth Amendment by locking Plaintiff up with a cellmate who was positive for Covid. As remedies, Plaintiff seeks declaratory relief, compensatory and punitive damages.

**III.     Discussion**

**A.     Deliberate Indifference to Conditions of Confinement/Failure to Protect**

Plaintiff alleges an Eighth Amendment violation regarding conditions of confinement/failure to protect.   He challenges his contraction of  COVID when he was placed in a cell with a Covid positive cellmate.

Conditions of confinement may, consistent with the Constitution, be restrictive and harsh. *See Rhodes v. Chapman*, 452 U.S. 337, 347 (1981); *Morgan v. Morgensen*, 465 F.3d 1041, 1045 (9th Cir. 2006); *Osolinski v. Kane*, 92 F.3d 934, 937 (9th Cir. 1996); *Jordan v. Gardner*, 986 F.2d 1521, 1531 (9th Cir. 1993) (en banc). Prison officials must, however, provide prisoners with "food, clothing, shelter, sanitation, medical care, and personal safety." *Toussaint v. McCarthy*, 801 F.2d 1080, 1107 (9th Cir. 1986), abrogated in part on other grounds by *Sandin v. Connor*,

3

515 U.S. 472 (1995); *see also Johnson v. Lewis*, 217 F.3d 726, 731 (9th Cir. 2000); *Hoptowit v. Ray*, 682 F.2d 1237, 1246 (9th Cir. 1982); *Wright v. Rushen*, 642 F.2d 1129, 1132-33 (9th Cir. 1981).

Two requirements must be met to show an Eighth Amendment violation. *Farmer*, 511 U.S. at 834. "First, the deprivation must be, objectively, sufficiently serious." *Id.* (internal quotation marks and citation omitted). Second, "prison officials must have a sufficiently culpable state of mind," which for conditions of confinement claims, "is one of deliberate indifference." *Id.* (internal quotation marks and citation omitted). Prison officials act with deliberate indifference when they know of and disregard an excessive risk to inmate health or safety. *Id.* at 837. The circumstances, nature, and duration of the deprivations are critical in determining whether the conditions complained of are grave enough to form the basis of a viable Eighth Amendment claim. *Johnson v. Lewis*, 217 F.3d 726, 731 (9th Cir. 2006). Mere negligence on the part of a prison official is not sufficient to establish liability, but rather, the official's conduct must have been wanton. *Farmer*, 511 U.S. at 835; *Frost v. Agnos*, 152 F.3d 1124, 1128 (9th Cir. 1998).

Extreme deprivations are required to make out a conditions of confinement claim, and only those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation. *Farmer*, 511 U.S. at 834; *Hudson v. McMillian*, 503 U.S. 1, 9 (1992). The circumstances, nature, and duration of the deprivations are critical in determining whether the conditions complained of are grave enough to form the basis of a viable Eighth Amendment claim. *Johnson*, 217 F.3d at 731. Second, the prison official must "know[ ] of and disregard[ ] an excessive risk to inmate health or safety...." *Farmer*, 511 U.S. at 837. Thus, a prison official may be held liable under the Eighth Amendment for denying humane conditions of confinement only if he knows that inmates face a substantial risk of harm and disregards that risk by failing to take reasonable measures to abate it. Id. at 837-45.

It is clear that COVID-19 poses a substantial risk of serious harm. See *Plata v. Newsom*, 445 F.Supp.3d 557, 559 (N.D. Cal. Apr. 17, 2020) ("[N]o one questions that [COVID-19] poses a substantial risk of serious harm" to prisoners.). The Court recognizes that "[p]risons present unique concerns regarding the spread of this virus; by their very nature, prisons are confined

spaces unsuited for 'social distancing.'" *Evdokimow v. Doll*, No. 4:21-CV-00261, 2021 WL 767554, at *6 (M.D. Pa. Feb. 26, 2021).

The transmissibility of the COVID-19 virus in conjunction with Plaintiff's living conditions, which he alleges he was placed in a cell with a Covid positive inmate, are sufficient to satisfy the objective prong, i.e., that Plaintiff was "incarcerated under conditions posing a substantial risk of serious harm." The pertinent question in determining whether Plaintiff states a claim is whether Defendants demonstrated deliberate indifference to that risk of harm. The key inquiry is not whether Defendants perfectly responded, complied with every CDC guideline, or whether their efforts ultimately averted the risk; instead, the key inquiry is whether they "responded reasonably to the risk." *See Stevens v. Carr*, No. 20-C-1735, 2021 WL 39542, at *4 (E.D. Wis. Jan. 5, 2021); accord *Benitez, v. Sierra Conservation Center*, 1:21-CV-00370 BAM (PC), 2021 WL 4077960, at *5 (E.D. Cal. Sept. 8, 2021) (same); *Sanford v. Eaton*, No. 1:20-CV-00792 BAM (PC), 2021 WL 3021447, at *8 (E.D. Cal. July 16, 2021) (same).

Liberally construing the allegations, Plaintiff states a cognizable claim against Defendant John Doe #1 and Defendant John Doe #2. Plaintiff tested negative for Covid and his cellmate tested positive. When the cellmate was being returned into Plaintiff's cell, Plaintiff asked the officers, Defendant John Doe #1 and Defendant John Doe #2, to confirm the test results. Both officers confirmed that Plaintiff tested negative and the cellmate tested positive. Defendant John Doe #1 and Defendant John Doe #2 would not let Plaintiff wait in another location while the positive cellmate was moved to quarantine, but instead forced Plaintiff back into the cell with a Covid positive cellmate. Plaintiff was given minimal protections while Plaintiff was confined in the cell with his positive inmate. These allegations are sufficient to state Defendant John Doe #1 and Defendant John Doe #2 acted with deliberate indifference when they know of and disregard an excessive risk to inmate health or safety. By December 2020, it was common knowledge of Covid, the severity of serious illness, and the ease of transmissibility. Plaintiff alleges that within days after testing negative, then housed with a positive cellmate, Plaintiff tested positive for Covid and became sick.

////

5

### B. Declaratory Relief

To the extent Plaintiff's complaint seeks a declaratory judgment, it is unnecessary. "A declaratory judgment, like other forms of equitable relief, should be granted only as a matter of judicial discretion, exercised in the public interest." *Eccles v. Peoples Bank of Lakewood Village*, 333 U.S. 426, 431 (1948). "Declaratory relief should be denied when it will neither serve a useful purpose in clarifying and settling the legal relations in issue nor terminate the proceedings and afford relief from the uncertainty and controversy faced by the parties." *United States v. Washington*, 759 F.2d 1353, 1357 (9th Cir. 1985). If this action reaches trial and the jury returns a verdict in favor of Plaintiff, then that verdict will be a finding that Plaintiff's constitutional rights were violated. Accordingly, a declaration that any defendant violated Plaintiff's rights is unnecessary.

### C. Unknown Defendants

The use of John Does in pleading practice is generally disfavored – but is not prohibited. *See Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980); *Wakefield v. Thompson*, 177 F.3d 1160, 1163 (9th Cir. 1999); *Lopes v. Viera*, 543 F.Supp.2d 1149, 1152 (E.D. Cal. 2008). However, Plaintiff is hereby advised that the court cannot order service of a Doe defendant because the United States Marshal cannot serve a Doe defendant. Plaintiff will be required to identify him or her with enough information to locate the defendant for service of process. Plaintiff will be given the " 'opportunity through discovery to identify the unknown (Doe) defendants.' " *Crowley v. Bannister*, 734 F.3d 967, 978 (9th Cir. 2013) (quoting *Gillespie*, 629 F.2d at 642). Once the identify of a Doe defendant is ascertained, plaintiff must file a motion to amend his complaint only to identify the identified Doe defendant so that service by the United States Marshal can be attempted. However, the court will recommend that any Doe defendant plaintiff fails to identify during the course of discovery be dismissed from this action.

### IV. Conclusion and Order

Based on the above, the Court finds that Plaintiff's complaint states cognizable claims against Defendant John Doe #1 and John Doe #2 for deliberate indifference to conditions of confinement/failure to protect in violation of the Eighth Amendment.

6

Accordingly, it is HEREBY ORDERED as follows:

1. This action proceed on Plaintiff's complaint, filed on August 15, 2022 (ECF No. 1), against Defendant John Doe #1 and John Doe #2, Correctional Officers, E-yard at SATF, for deliberate indifference to conditions of confinement/failure to protect in violation of the Eighth Amendment, and

2. A separate order will issue regarding identification of Doe Defendants.

IT IS SO ORDERED.

Dated: **August 26, 2022**                /s/ *Barbara A. McAuliffe*
                                   UNITED STATES MAGISTRATE JUDGE