ROB BONTA, State Bar No. 202668
Attorney General of California
JEFFREY T. FISHER, State Bar No. 303712
Supervising Deputy Attorney General
WILLIAM P. BURANICH, State Bar No. 144650
Deputy Attorney General
 455 Golden Gate Avenue, Suite 11000
 San Francisco, CA  94102-7004
 Telephone:  (415) 510-3558
 Fax:  (415) 703-5843
 E-mail:  William.Buranich@doj.ca.gov
*Attorneys for Defendant R. Fernandez*

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| **QUINNELL JOHNSON,**<br><br>                                   Plaintiff,<br><br>             v.<br><br>**FERNANDEZ,**<br><br>                                   Defendant. | Case No. 1:22-cv-01026 BAM<br><br>**NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT**<br><br>Judge:         Hon. Barbara A. McAuliffe<br><br>Action Filed:  August 15, 2022 |

TO PLAINTIFF QUINNELL JOHNSON, PRO SE:

PLEASE TAKE NOTICE that Defendant R. Fernandez moves to dismiss this case under Federal Rule of Civil Procedure 12(b)(6) on the grounds that Plaintiff has failed to state a claim upon which relief can be granted.  In addition, Defendant is entitled to qualified immunity.

## MEMORANDUM OF POINTS AND AUTHORITIES

### INTRODUCTION

Plaintiff is a state inmate who alleges that Defendant caused him to contract COVID-19 by taking three hours to find alternative housing for his cellmate after his cellmate tested positive for the virus.  Plaintiff also alleges that he had already spent at least two days (and likely longer) housed with that cellmate while that cellmate was positive for the virus.  He does not allege any

fact that suggests, let alone establishes, that it was the final three hours of sharing space with that cellmate that caused him to contract the disease.

The failure to allege facts establishing that Defendant was somehow responsible for Plaintiff contracting the virus during the three hours it took to relocate the cellmate, rather than the preceding days, require that the action be dismissed. Further, Defendant is entitled to qualified immunity.

## FACTUAL ALLEGATIONS IN FIRST AMENDED COMPLAINT

Plaintiff alleges that he is a California state prisoner who, in December 2020, was housed at the California Substance Abuse Treatment Facility in Corcoran, California. (First Amended Complaint (FAC), ECF No. 11, at ¶ 3.) Plaintiff alleges that he and his cellmate were tested for COVID-19 on December 3, 2020. (*Id*., at ¶ 7.) Plaintiff and his cellmate continued to cell together until they received their results on December 5. (*Id*., at ¶ 8.) Plaintiff test result was negative, but his cellmate's test was positive. (*Id*.) Within three hours, Plaintiff's cellmate was relocated to a quarantine area. (*Id*., at ¶ 18.) During that time, Plaintiff was provided with a facemask—though, as Plaintiff notes, he was not allowed to leave the cell. (*Id*., at ¶ 20.)

## STANDARD OF REVIEW

A complaint must include, among other things, a short statement of the claim showing that the pleader is entitled to relief. Fed. R. Civ. P 8(a)(2). Its purpose is to give the defendant fair notice of what the claim is and the grounds upon which it rests. *Bell Atlantic Corp. v. Twombly* 550 U.S. 544, 555 (2007).

Defendants may assert a defense that the complaint fails to state a claim upon which a court may grant relief. Fed. R. Civ. P. 12(b)(6). A motion to dismiss tests the legal sufficiency of the claims stated in a complaint. *Strom v. United States*, 641 F.3d 1051, 1067 (9th Cir. 2011). Dismissal is proper if the complaint fails to allege sufficient facts to support a cognizable legal theory. *Caltex Plastics, Inc. v. Lockheed Martin Corp.,* 824 F.3d 1156, 1159 (9th Cir. 2016). Additionally, to avoid dismissal, the complaint must state a facially plausible claim for relief. *Shroyer v. New Cingular Wireless Services, Inc.,* 622 F.3d 1035, 1041 (9th Cir. 2010). A facially

plausible standard is a screening mechanism designed to weed out cases that do not warrant either discovery or trial. *See Atieh v. Riordan,* 727 F.3d 73, 76 (1st Cir. 2013).

In considering whether a complaint is sufficient to state a claim, a court must accept as true all of the factual allegations contained therein. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). However, the court need not accept as true allegations that are "merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Sciences Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008) (citations omitted).

Although a complaint need not include detailed factual allegations, it "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Alleging "facts that are 'merely consistent with' a defendant's liability" is not sufficient and does not satisfy this plausibility requirement. *Id.*

**ARGUMENT**

**I.  PLAINTIFF FAILS TO STATE A DELIBERATE INDIFFERENCE CLAIM**

**A.  Legal Standard**

To satisfy the Eighth Amendment, prison officials must provide inmates adequate food, clothing, shelter, and medical care, and must "take reasonable measures to guarantee" their safety. *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (citations omitted). Inmates alleging Eighth Amendment violations based on unsafe prison conditions must demonstrate that prison officials were deliberately indifferent to their health or safety by subjecting them to a substantial risk of harm. *Id.* at 834. Prison officials act with deliberate indifference when they consciously disregard an excessive risk of harm to the inmate's health or safety. *Id.* at 838-40. It is "only 'the unnecessary and wanton infliction of pain' ... [which] constitutes cruel and unusual punishment forbidden by the Eighth Amendment." *Whitley v. Albers*, 475 U.S. 312, 619 (1986) (quoting *Ingraham v. Wright,* 430 U.S. 651, 670 (1977)).

A prison official violates the Eighth Amendment's prohibition against cruel and unusual punishment "only when two requirements" —one objective, the other subjective— "are met." *Farmer*, 511 U.S. at 834. The objective component requires that the deprivation be "sufficiently

serious." *Id.* at 833. "[O]nly those deprivations denying 'the minimal civilized measure of life's necessities' ... are sufficiently grave to form the basis of an Eighth Amendment violation." *Wilson v. Seiter*, 501 U.S. 294, at 298 (1991). The inmate must show that he is incarcerated under conditions posing a substantial risk of harm. *See Farmer,* 511 U.S. at 837.

The subjective component relates to the defendant's state of mind and requires deliberate indifference. *See Farmer*, 511 U.S. at 834. To satisfy this requirement, Plaintiff must show that Defendants "kn[ew] of and disregard[ed] an excessive risk to inmate health or safety." *Id.* at 837. The prison official must have a "sufficiently culpable state of mind." *Id.* at 833. This test is subjective, meaning "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.*

**B.  Plaintiff Has Not Pleaded Sufficient Facts Demonstrating that Defendant Was Deliberately Indifferent**

Here, Plaintiff fails to satisfy his burden at the pleading stage because the complaint contains no facts from which to plausibly infer that Defendant knew of and intentionally disregarded a serious risk to Plaintiff's health or safety. Rather, the allegations in the complaint are "unadorned, the-defendant-unlawfully- harmed-me" contentions—precisely the type of allegations rejected by the Supreme Court at the pleading stage. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The complaint relies on "conclusory, unwarranted deductions of fact, or unreasonable inferences" to state a claim, and is therefore insufficient. *In re Gilead Sciences Sec. Litig.*, *supra*, 536 F.3d at 1055.

"A prison official's duty under the Eighth Amendment is to ensure reasonable safety." *Farmer,* 511 U.S. at 844. Although COVID-19 is a serious health concern, Plaintiff does not allege any fact that makes Defendants' conduct more likely than other factors to be the cause of Plaintiff contracting the virus. (FAC, at ¶¶ 7-24.)

Plaintiff alleges that he and his cellmate received their COVID-19 test results on December 5, after being tested on December 3. (*Id.*, at ¶¶ 7-8.) The December 5 test result shows Plaintiff's cellmate was COVID positive on December 3, when his test sample was collected. (*See id.*) Thus, per the complaint, Plaintiff and his cellmate housed together in the same cell for

4

approximately 45 hours before learning that the cellmate was COVID-positive.[1] Further, the complaint does not allege any fact suggesting that the cellmate's COVID status only commenced at the time he was tested; rather, it is likely Plaintiff was living with a COVID-positive cellmate for more than two days before he was made to stay in the same cell for another three hours.

At minimum, Plaintiff was housed with a COVID-19-positive cellmate for 45 hours, and likely longer, before learning that fact. Yet, Plaintiff asserts, it was the final three hours of sharing space with the cellmate, while arrangements were made to move that cellmate to quarantine, that caused him harm. Plaintiff asserts no facts that would make it reasonable to assume that this small, additional period of time was when the transmission occurred. This Court need not assume the truth of that unreasonable inference. *In re Gilead Sciences Sec. Litig.*, *supra*, 536 F.3d at 1055. The facts alleged in the FAC thus fail to establish a causal connection between Defendant's alleged conduct and Plaintiff's alleged harm.

"Deliberate indifference is a high legal standard." *Toguchi v. Chung*, 391 F.3d 1051, 1060 (9th Cir. 2004). Gross negligence does not suffice to establish deliberate indifference. *Wood v. Housewright*, 900 F.2d 1332, 1334 (9th Cir. 1990). Defendant's alleged misconduct—having Plaintiff remain in the same cell as his cellmate while quarantine housing was arranged—does not meet that standard. While Plaintiff may disagree with Defendant's actions, he has not alleged deliberate indifference. Quarantine housing was arranged for the cellmate and Plaintiff was provided with a mask. The allegations do not meet the high standard for deliberate indifference.

Given that Plaintiff had already housed with the COVID-19 cellmate for at least 45 hours, and presumably longer, Plaintiff cannot show that the additional three hours he allegedly waited for the cellmate to be quarantined, during which time he was provided with a protective mask, was when he contracted the virus.

Plaintiff alleges that he did not test positive until nine days later. (*Id.*, at ¶ 23.) In addition to spending more than 45 hours in close proximity to his infected cellmate, it can reasonably be

---

[1] Although the FAC states that Plaintiff's virology report from the December 3 test is attached as Exhibit A, Plaintiff omitted to attach any exhibits to the FAC. That report is attached to the original complaint (ECF No. 1 at pp. 15 and 16) and reflects that the test sample was collected at 1:30 p.m. on December 3, 45 hours before Plaintiff alleges he and his cellmate learned of the results at approximately 10:30 to 11:00 a.m. on December 5 (FAC, ¶ 8).

assumed that Plaintiff had additional exposure opportunities in the ensuing nine days before he tested positive. The complaint fails to allege otherwise.

Thus, Plaintiff's allegations fail to allege a deliberate indifference claim, and this action should be dismissed.

## II. QUALIFIED IMMUNITY BARS PLAINTIFF'S CLAIM FOR DAMAGES

Qualified immunity protects government officials from civil liability where "their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Pearson v. Callahan*, 555 U.S. 223, 231 (2009). "When this test is properly applied, it protects 'all but the plainly incompetent or those who knowingly violate the law.'" *Hernandez v. City of San Jose*, 897 F.3d 1125, 1132-33 (9th Cir. 2018). Therefore, "[i]f the [defendant's] mistake as to what the law requires is reasonable ... the [defendant] is entitled to the immunity defense." *Saucier v. Katz*, 533 U.S. 194, 205 (2001).

Once a defendant raises the defense, qualified immunity shields it from damages liability unless the plaintiff can establish both of its prongs: (1) that the alleged facts show a violation of a federal statutory or constitutional right; and (2) that right was clearly established at the time of the purported violation. *Saucier v. Katz*, 533 U.S. 194, 201 (2001).

As argued above, Plaintiff has failed to establish that the Defendant's actions amount to deliberate indifference, and he is therefore entitled to qualified immunity under the first prong.

As to that second prong, it is Plaintiff's burden to show that the right in question was clearly established at the time officials acted. *Tarabochia v. Adkins*, 766 F.3d 1115, 1125 (9th Cir. 2014). "A clearly established right is one that is sufficiently clear that every reasonable official would have understood that what he is doing violates that right." *Mullinex v. Luna*, 577 U.S. 7, 11 (2015) (per curiam). While a case directly on point is not required, "existing precedent must have placed the statutory or constitutional question beyond debate." *Id.* (citing *Ashcroft v. al-Kidd*, 563 U.S. 731, 741 (2011)). This requires either "controlling authority" or a "robust consensus of cases of persuasive authority" holding the official's conduct was unconstitutional. *Ashcroft*, 563 U.S. at 741.

Plaintiff had already been exposed to a cellmate who was positive for COVID-19 for more than 45 hours.  There is no current authority establishing that an additional three hour period, while equipped with a face mask, increases the risk of contracting COVID-19 such that to allow it constitutes deliberate indifference.  Plaintiff therefore also fails the second prong of the *Saucier* test, and Defendant is entitled to qualified immunity.

## CONCLUSION

Plaintiff fails to plead any facts showing that Defendant caused Plaintiff's injuries, and Defendant is entitled to qualified immunity.  Plaintiff's complaint should be dismissed.

Dated:  January 30, 2023

Respectfully submitted,

ROB BONTA
Attorney General of California
JEFFREY T. FISHER
Supervising Deputy Attorney General


*/s/ William P. Buranich*
WILLIAM P. BURANICH
Deputy Attorney General
*Attorneys for Defendant*
*R. Fernandez*

WPB:nr
SA2022402289
43551069.docx

# CERTIFICATE OF SERVICE

| Case Name: | **Johnson, Quinnell (AM3199) v. Fernandez** | No. | **1:22-cv-01026 BAM** |
|---|---|---|---|

I hereby certify that on <u>January 30, 2023</u>, I electronically filed the following documents with the Clerk of the Court by using the CM/ECF system:

**NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT**

Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.

I am employed in the Office of the Attorney General, which is the office of a member of the California State Bar at which member's direction this service is made. I am 18 years of age or older and not a party to this matter. I am familiar with the business practice at the Office of the Attorney General for collection and processing of correspondence for mailing with the United States Postal Service. In accordance with that practice, correspondence placed in the internal mail collection system at the Office of the Attorney General is deposited with the United States Postal Service with postage thereon fully prepaid that same day in the ordinary course of business.

I further certify that some of the participants in the case are not registered CM/ECF users. On <u>January 30, 2023</u>, I have caused to be mailed in the Office of the Attorney General's internal mail system, the foregoing document(s) by First-Class Mail, postage prepaid, or have dispatched it to a third party commercial carrier for delivery within three (3) calendar days to the following non-CM/ECF participants:

Quinnell Avery Johnson
CDCR # AM3199
Kern Valley State Prison
P.O. Box 5103
Delano, CA 93216

*In Pro Per*

I declare under penalty of perjury under the laws of the State of California and the United States of America the foregoing is true and correct and that this declaration was executed on <u>January 30, 2023</u>, at San Diego, California.

| N. Rodriguez | *N. Rodriguez* |
|---|---|
| Declarant | Signature |

SA2022402289
83789752.docx