# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| QUINNELL JOHNSON, | Case No. 1:22-cv-01026-BAM (PC) |
| Plaintiff, | ORDER TO SHOW CAUSE WHY ACTION SHOULD NOT BE DISMISSED FOR FAILURE TO PROSECUTE |
| v. | |
| FERNANDEZ, | (ECF No. 35) |
| Defendant. | **TWENTY-ONE (21) DAY DEADLINE** |

Plaintiff Quinnell Johnson ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. This action proceeds on Plaintiff's first amended complaint against Defendant Fernandez ("Defendant") for deliberate indifference to conditions of confinement/failure to protect in violation of the Eighth Amendment. All parties have consented to United States Magistrate Judge jurisdiction. (ECF No. 27.)

On June 20, 2024, Defendant filed a motion for summary judgment on the grounds that the undisputed facts show that: (1) Defendant was not involved in the decision to put Plaintiff's cellmate back in Plaintiff's cell for three additional hours after the cellmate received a positive COVID-19 test result; (2) expert medical opinion is that Plaintiff was most likely already infected with COVID-19 when his cellmate learned he was COVID-19 positive, because the cellmate—while living in close quarters with Plaintiff—had already been infected and contagious for days before receiving the test result; and (3) Defendant is entitled to qualified immunity because it was

not clearly established that returning a prisoner to his cell after delivering the results of a COVID-19 test from two days prior would violate his or his cellmate's Eighth Amendment rights.  (ECF No. 35.)  In the motion, Plaintiff was provided with notice of the requirements for opposing a motion for summary judgment.  *Woods v. Carey*, 684 F.3d 934 (9th Cir. 2012); *Rand v. Rowland*, 154 F.3d 952, 957 (9th Cir. 1988); *Klingele v. Eikenberry*, 849 F.2d 409, 411–12 (9th Cir. 1988).  (ECF No. 35-5.)  Pursuant to Local Rule 230(l) and Federal Rule of Civil Procedure 6(d), Plaintiff's opposition or statement of non-opposition was due on or before July 15, 2024.  The deadline for Plaintiff to respond to Defendant's motion for summary judgment has expired, and he has not otherwise been in contact with the Court.  Plaintiff will be permitted one final opportunity to show cause why this action should not be dismissed with prejudice.

Accordingly, it is HEREBY ORDERED that Plaintiff shall show cause by WRITTEN RESPONSE within **twenty-one (21) days** of service of this order why this action should not be dismissed, with prejudice, for failure to prosecute.  Plaintiff may comply with the Court's order by filing an opposition or statement of non-opposition to Defendant's June 20, 2024 motion for summary judgment.  **<u>Plaintiff is warned that if he fails to comply with the Court's order, this matter will be dismissed, with prejudice, for failure to prosecute.</u>**

IT IS SO ORDERED.

Dated:   **July 30, 2024**              /s/ *Barbara A. McAuliffe*          _
                                                       UNITED STATES MAGISTRATE JUDGE