# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| QUINNELL JOHNSON,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>FERNANDEZ,<br><br>　　　　　Defendant. | Case No. 1:22-cv-01026-BAM (PC)<br><br>ORDER DISMISSING ACTION, WITH PREJUDICE, FOR FAILURE TO PROSECUTE AND FAILURE TO OBEY COURT ORDER<br><br>(ECF No. 37) |

Plaintiff Quinnell Johnson ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. This action proceeds on Plaintiff's first amended complaint against Defendant Fernandez ("Defendant") for deliberate indifference to conditions of confinement/failure to protect in violation of the Eighth Amendment. All parties have consented to Magistrate Judge jurisdiction. (ECF No. 27.) For the reasons that follow, the Court orders that this action be dismissed, with prejudice.

**I.　Background**

On June 20, 2024, Defendant filed a motion for summary judgment on the grounds that the undisputed facts show that: (1) Defendant was not involved in the decision to put Plaintiff's cellmate back in Plaintiff's cell for three additional hours after the cellmate received a positive COVID-19 test result; (2) expert medical opinion is that Plaintiff was most likely already infected

with COVID-19 when his cellmate learned he was COVID-19 positive, because the cellmate—while living in close quarters with Plaintiff—had already been infected and contagious for days before receiving the test result; and (3) Defendant is entitled to qualified immunity because it was not clearly established that returning a prisoner to his cell after delivering the results of a COVID19 test from two days prior would violate his or his cellmate's Eighth Amendment rights. (ECF No. 35.)  In the motion, Plaintiff was provided with notice of the requirements for opposing a motion for summary judgment.  *Woods v. Carey*, 684 F.3d 934 (9th Cir. 2012); *Rand v. Rowland*, 154 F.3d 952, 957 (9th Cir. 1988); *Klingele v. Eikenberry*, 849 F.2d 409, 411–12 (9th Cir. 1988).  (ECF No. 35-5.)

Following Plaintiff's failure to file an opposition or otherwise communicate with the Court, on July 31, 2024, the Court issued an order for Plaintiff to show cause why this action should not be dismissed, with prejudice, for failure to prosecute.  (ECF No. 37.)  Plaintiff was informed that he could comply with the Court's order by filing his opposition to Defendant's summary judgment motion.  Plaintiff was also warned that if he failed to comply with the Court's order, this matter would be dismissed, with prejudice, for failure to prosecute.  (*Id.*)  Plaintiff's response to the order to show cause was due on or before August 26, 2024.  (*Id.*)  Plaintiff has failed to submit any response to Defendant's motion for summary judgment and has not otherwise communicated with the Court.

**II.     Discussion**

Local Rule 110 provides that "[f]ailure . . . of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions . . . within the inherent power of the Court."  District courts have the inherent power to control their dockets and "[i]n the exercise of that power they may impose sanctions including, where appropriate, . . . dismissal."  *Thompson v. Hous. Auth.*, 782 F.2d 829, 831 (9th Cir. 1986).  A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules.  *See, e.g.*, *Ghazali v. Moran*, 46 F.3d 52, 53–54 (9th Cir. 1995) (dismissal for noncompliance with local rule); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260–61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring

2

amendment of complaint); *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 130–33 (9th Cir. 1987) (dismissal for failure to comply with court order).

In determining whether to dismiss an action, the Court must consider several factors: (1) the public's interest in expeditions resolution of litigation; (2) the Court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions. *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986); *Carey v. King*, 856 F.2d 1439 (9th Cir. 1988).

Here, the action has been pending for two years, and Plaintiff's response or opposition to Defendant's motion for summary judgment is overdue. Plaintiff was warned that his failure to comply with the Court's order to show cause would result in dismissal of this action, with prejudice, for failure to prosecute. Plaintiff has failed to comply.

Plaintiff is obligated to comply with the Local Rules and was informed by the Court of the need to oppose a motion for summary judgment. Despite Plaintiff's duty to comply with all applicable rules and the Court's notice, Plaintiff did not file an opposition. Plaintiff has not provided any indication that he is attempting to prepare, or that he intends to submit, an opposition to Defendant's summary judgment motion, despite being provided an opportunity to do so. The Court cannot effectively manage its docket if a party ceases litigating the case. Thus, both the first and second factors weigh in favor of dismissal of this action.

The third factor, risk of prejudice to defendant, also weighs in favor of dismissal, because a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action. *Anderson v. Air W.*, 542 F.2d 522, 524 (9th Cir. 1976). Because public policy favors disposition on the merits, the fourth factor usually weighs against dismissal. *Pagtalunan v. Galaza*, 291 F.3d 639, 643 (9th Cir. 2002). However, "this factor lends little support to a party whose responsibility is to move a case toward disposition on the merits but whose conduct impedes progress in that direction," which is the case here. *In re Phenylpropanolamine (PPA) Prods. Liab. Litig.*, 460 F.3d 1217, 1228 (9th Cir. 2006).

Finally, the Court's warning to a party that failure to obey the Court's order will result in dismissal satisfies the "considerations of the alternatives requirement." *Ferdik*, 963 F.2d at 1262;

*Malone*, 833 at 132–33; *Henderson*, 779 F.2d at 1424.  The Court's July 31, 2024 order to show cause expressly warned Plaintiff that if he failed to comply with that order, this matter would be dismissed, with prejudice, for failure to prosecute.  (ECF No. 37, p. 2.)  Thus, Plaintiff had adequate warning that dismissal of this action could result from his noncompliance.  At this stage in the proceedings there is little available to the Court which would constitute a satisfactory lesser sanction while protecting the Court from further unnecessary expenditure of its scarce resources.  Plaintiff is proceeding *in forma pauperis* in this action, making monetary sanctions of little use, and the preclusion of evidence or witnesses is likely to have no effect given that Plaintiff has ceased litigating this case.

In summary, Plaintiff is no longer prosecuting this action, and the Court cannot afford to expend resources resolving an unopposed dispositive motion in a case which Plaintiff is no longer prosecuting.

**III.    Conclusion and Order**

Based on the foregoing, the Court finds that dismissal is the appropriate sanction.  Accordingly, it is HEREBY ORDERED as follows:

1. This action is dismissed, with prejudice, for failure to prosecute and for failure to obey a court order; and
2. The Clerk of the Court is directed to terminate all pending motions and close this case.

IT IS SO ORDERED.

Dated:   **September 10, 2024**              /s/ *Barbara A. McAuliffe*            
                                                                                    UNITED STATES MAGISTRATE JUDGE

4